## PALMER *v.* RUSSELL.

A owning lot 32, brought an action of trespass *quare clausum* against B, the owner of a lot lying south of lot 32, and called "The Ten Thousand Acre Tract," for cutting timber on lot 32 ; B had previously brought an action of trespass *quare clausum* against A for cutting timber on "The Ten Thousand Acre Tract," in which the general issue was pleaded ; and this action by a rule of court had been referred to an arbitrator, who, after a hearing, awarded that B recover of A a certain sum, and judgment had been rendered in favor of B upon the award ; in the subsequent action, in order to show that a certain marked line was the south line of lot 32, B offered copies of this award and judgment with parol evidence that the only question in the former suit was whether this marked line was the south line or the north line of lot 32, and that the arbitrator, after a hearing, decided that it was the south line ;—

*Held,* that the evidence offered was incompetent for the purpose, because the question whether the marked line was the north line or the south line of lot 32 was not a matter in issue upon the former trial, although it might have been a fact in controversy.

TRESPASS, for taking and carrying away timber trees from lot 32, in the 6th range of the north division of Albany.   Writ, dated June 13, 1859.   Plea, the general issue, with a brief statement.

There was evidence tending to show that the defendant took some trees on the south side of and near to a certain ancient and well marked line.   Lot 32 has the same width as range 6. The defendant owns a tract of land, called the Ten Thousand Acre Tract, south of and adjoining, or near to range 6, and lot 32.   The principal question between the parties was, whether said ancient and well marked line was the north line or the south line of range 6.   The trespass complained of was after December 1, 1859.   The defendant offered in evidence copies of a writ, agreement to refer, rule of reference, arbitrator's award, and judgment thereon, in a suit *Russell* v. *Palmer.*   The writ was dated March 9, 1857.   The declaration was in trespass *quare clausum,* for cutting trees on the Ten Thousand Acre Tract. No plea was filed.

The agreement to refer was :   " The parties to this action agree to refer the same to John Smith."

The referee awarded that the plaintiff recover of the defendant $29.50, and judgment was rendered on the report at the May term, 1859.

The defendant also offered to prove, by parol evidence, that the only question between the parties in that suit, who are the parties in this action, was whether said ancient and well marked line was the north line or the south line of range 6, and that the referee, having examined the premises, and heard the parties and witnesses upon that question, decided that said line was the south line of range 6, and lot 32, and made his report accordingly.

The court rejected the evidence offered, and the defendant excepted.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside on the foregoing exception, and also because of the misconduct of Littlefield, one of the jury, concerning which affidavits were furnished.

*Eastman,* and *Wheeler & Hall,* for the defendant.

*Chase,* and *Dearborn,* for the plaintiff.

BARTLETT, J. From the case we understand that the former judgment and the parol evidence in relation to it, was offered to show that the marked line was the southern boundary of range 6, and lot 32. No question arises whether the judgment was admissible to show the defendant's possession of the *locus* of the cutting in controversy in that suit, for nothing is stated to show that inquiry material in the present suit. If then the evidence was admissible, it was upon the ground that the line in question had been established by the former judgment, as the south line of range 6 and lot 32. *King* v. *Chase,* 15 N. H. 14; *Haywood* v. *Bath,* 38 N. H. 185. As no plea was filed in the former suit, it must have been tried upon the general issue under the eighth rule of court. Rules of Court, page 6. The pleadings in that suit then raised no such question, and we do not think it was " the matter in issue" within the meaning of our decided cases. The issue in that action involved two questions, Russell's possession of the *locus,* and Palmer's trespass upon it. 2 Greenl. Ev., sec. 613. If Russell proved that, while he was in possession of any part of the "Ten Thousand Acre Tract," Palmer wrongfully entered upon such part, his cause of action was made out and it was quite immaterial in point of law what precise line was the southern boundary of range 6, and lot 32, although such inquiry may in fact have furnished most material evidence. 2 Greenl. Ev., sec. 626; *Wheeler* v. *Rowell,* 7 N. H. 517; *Peaslee* v. *Wadleigh,* 5 N. H. 321; *Palmer* v. *Tuttle,* 39 N. H. 488. The locality of the south line of range 6 and lot 32 was therefore, not a matter in issue, although it may have been a fact in controversy. *King* v. *Chase; Potter* v. *Baker,* 19 N. H. 167; *Towns* v. *Nims,* 5 N. H. 263; *Outram* v. *Morewood,* 3 East 357; 2 C. & H.'s Phill. Ev. 299; *Wendell* v. *Libbey,* 15 N. H. 481; *Dame* v. *Wingate,* 12 N. H.

294, 2 Smith L. C. 443. Regarding our own decisions as conclusive upon the question, we deem it unnecessary to examine the numerous and somewhat conflicting cases to be found elsewhere.

The evidence furnished fails to sustain the charge of misconduct on the part of one of the jurymen.

*There must be judgment on the verdict.*